UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:14-cv-812 |
| RONALD L. BLACKBURN, ANDREW V. REID, BRUCE A. GWYN, MICHAEL A. MULSHINE, LEE C. SCHLESINGER, SAMUEL E. WHITLEY, AND TREATY ENERGY CORPORATION, | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' JOINT MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Defendants, Ronald L. Blackburn, Andrew V. Reid, Bruce A. Gwyn, Michael A. Mulshine, Lee C. Schlesinger, and Treaty Energy Corporation (collectively, "Defendants"), respectfully move this Honorable Court to transfer this case to the Eastern District of Louisiana under 28 U.S.C. § 1404(a). The Securities and Exchange Commission ("SEC") filed this case in the Eastern District of Texas, where no parties, including the SEC, and no significant witnesses reside, on the basis of a minimal connection between a small fraction of shareholders and the Eastern District of Texas. Of the roughly 1,400 shareholders of record in Treaty, only twelve (0.8%) are residents of the Eastern District of Texas. In contrast, the Eastern District of Louisiana has nearly ten times the amount of record shareholders compared to the Eastern District of Texas (7% of all record shareholders).

In considering a motion to transfer venue under 28 U.S.C. § 1404(a), the Court must balance both public and private interest factors to determine whether the defendant can show that there is another district where venue is both proper and clearly more convenient.  Because five (5) of the Defendants (Ronald Blackburn, Andrew Reid, Bruce Gwyn, Lee Schlesinger, and Treaty) reside in or near New Orleans, Louisiana, which is in the Eastern District of Louisiana, there is no question that this action might have been brought in that district.  Indeed, recently in two separate cases filed by the SEC – *SEC v. Rizvi,* 2010 WL 2949311 (Magistrate Judge's Report),[1] *aff'd* 2010 WL 2949302 (E.D. Tex. 2010);[2] and *SEC v. Coldicutt,* 2013 WL 944550 (Magistrate Judge's Report),[3] *aff'd* 2013 WL 943568 (E.D. Tex. 2013)[4] – the Eastern District of Texas enumerated factors to consider in deciding whether to transfer venue under Section 1404(a).  As discussed below, those private and public interest factors as they apply to the facts of this case, including the location of documents, witnesses subject to subpoena power in the respective districts, the convenience of voluntary witnesses, the respective hardships (or lack thereof) for the SEC if the case is transferred and the Defendants if it is not transferred, the administrative difficulties flowing from court congestion, and the local interests of the respective courts in adjudicating the matter all support the Court's transfer of this case to the Eastern District of Louisiana.

The reasons to transfer this case are more compelling than those presented in *Rizvi* and *Coldicutt,* in both of which this Court transferred cases filed by the SEC's Fort Worth Office to

---

[1] U.S.D.C., E.D.TX 4:09-cv-371 (Dkt. #30) (07-02-10) (Mazzant, M.J.).
[2] U.S.D.C., E.D.TX 4:09-cv-371 (Dkt. #31) (07-23-10) (Schneider, J.).
[3] U.S.D.C., E.D.TX 4:12-cv-505 (Dkt. #29) (02-08-13) (Mazzant, M.J.).
[4] U.S.D.C., E.D.TX 4:12-cv-505 (Dkt. #30) (03-08-13) (Clark, J.).

2

the Southern and Central Districts of California, respectively.  New Orleans is clearly a more convenient forum for this case.  We refer the Court to Defendants' supporting memorandum, below, which details these points at length, and to the supporting Declaration of Christopher D. Tesarski submitted herewith.  Accordingly, Defendants respectfully urge this Court to enter an order transferring this case to the Eastern District of Louisiana.

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

The SEC filed this case in the Eastern District of Texas, alleging at paragraph 5 of its Complaint that "certain of Defendants' acts, practices, transactions, and courses of business alleged herein occurred within this judicial district" even though no parties and no significant witnesses reside within this District.  In SEC enforcement actions, venue is based on Section 22(a) of the Securities Act of 1933 and Section 27(a) of the Securities Exchange Act of 1934.[5] Plaintiff, however, failed to allege any specific facts in its Complaint as to why venue is proper in this District under 15 U.S.C. §§ 77v or 78aa, instead opting for the vague, boilerplate language.

---

[5] Securities Act § 22(a), 15 U.S.C § 77v(a), provides:

> Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Securities Exchange Act § 27(a), 15 U.S.C. § 78aa(a), provides:

> Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred.  Any suit or action to enforce any liability or duty created by this title or rules and regulations thereunder, or to enjoin any violation of such title or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Under the same authority relied upon in *Rizvi* and the more recent decision in *Coldicutt*, the appropriateness of transferring this case to New Orleans pursuant to a Section 1404(a) motion is compelling.[6]   Trying the case in this District, where only a handful of potential witnesses reside, would be a gross imposition on Defendants and the majority of the potential nonparty witnesses.   The convenience of the parties and witnesses and interests of justice strongly support transferring this case to the Eastern District of Louisiana.   The primary difference between this case and the decisions in *Rizvi* and *Coldicutt,* in which this Court transferred separate SEC cases to federal courts in California, is that the facts supporting transferring venue are far stronger in this case, as discussed below.

## I.     OVERVIEW OF THE CASE

The SEC has alleged a conspiracy involving Treaty, all supposedly orchestrated by Defendants in this case.   Neither Defendants nor Plaintiff, however, reside in the Eastern District of Texas.   In fact, the vast majority of potential witnesses live elsewhere.   Further, only two of dozens of witnesses and only twelve (12) of the more than 1,400 record shareholders live in the Eastern District of Texas, as detailed in the supporting Declaration of Christopher D. Tesarski, current CEO of Treaty ("Tesarski Declaration", ¶ 6).   The SEC alleges that Defendant Treaty was surreptitiously controlled by Defendant Blackburn and that this fact was never disclosed to investors, that Defendants misrepresented the company's operations in Belize, and that

---

[6] Transfer under Section 1404 is appropriate even though Treaty may have a few shareholders located in the Eastern District of Texas and even though, as noted in *Rizvi, supra* at *6, solicitation of a purchase of shares in the district is sufficient to support venue under Section 27(a).

Defendants transferred free-trading stock to shareholders in violation of SEC rules.  All of its

claims of fraud are centered on these theories.

## II.   VENUE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF LOUISIANA IN THE INTERESTS OF JUSTICE

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Because five (5) of the Defendants – namely, Ronald Blackburn, Andrew Reid, Bruce Gwyn,

Lee Schlesinger, and Treaty – reside in or near New Orleans, Louisiana, which is in the Eastern

District of Louisiana, there is no question that this action might have been brought in that

district.[7]  The only question is whether this Court should send it to New Orleans after balancing

all of the interests of parties, witnesses, and the courts.

The Eastern District of Texas enumerated the private and public interest factors to

consider in deciding whether to transfer venue in *Rizvi,* citing *In re Volkswagen of America, Inc.*,

545 F.3d 304, 315 (5th Cir. 2008) (en banc):

> The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of

---

[7] The other Defendants, Robert Whitley and Michael Mulshine, reside in the Houston area and New York area, respectively.  Mr. Mulshine, however, joins in with these defendants to have this matter transferred to the Eastern District of Louisiana, and Mr. Whitley has no opposition to this motion.

> foreign law.  *Id.*   These factors are not exhaustive or exclusive, and no single
> factor is dispositive.  *Id.*

*Rizvi, supra*, *7.  (*See also Coldicutt, supra*, *1).

## A.      The Private Interest Factors

The first private interest factor under the test articulated by the Fifth Circuit is the relative

ease of access to sources of proof, *i.e.*, the location of documents and physical evidence.

Defendants are not aware of any material collections of relevant documents located in the

Eastern District of Texas.  Virtually all records, with the possible exception of SEC filings that

are available online through EDGAR and can be printed at any computer terminal, are located in

New Orleans.  Indeed, all of Defendant Treaty's physical and electronic records are contained at

its principal office in New Orleans.  Tesarski Declaration, ¶ 3.

As the Fifth Circuit held in *Volkswagen,* the physical location of documents is less

significant than it once was in light of technology, but the location of sources of proof remains a

meaningful factor in the transfer analysis.  545 F.3d at 316.  In this case, the documents are

mostly in New Orleans and none is in the Eastern District of Texas.  Further, despite the

inevitable argument by the SEC that all of the documents they have collected from their pre-

filing investigation are housed in their Fort Worth office, which is outside of this District,

Plaintiff recently provided all of its files to counsel for Defendants on separate hard drives in

connection with the SEC's Rule 26 Initial Disclosures.  This factor weighs in favor of transfer.

The second factor is the availability of compulsory process over non-party witnesses.

Although Section 22(a) of the Securities Act and Section 27 of the Securities Exchange Act

enables all parties in SEC litigation to issue subpoenas to compel the appearance at trial of

witnesses located anywhere in the United States,[8] Plaintiff and Defendants would still be required to pay extra *per diem* fees and significant travel and subsistence expenses for all such witness in accordance with 28 U.S.C. § 1821.   Because the number of possible witnesses (including shareholders) subject to such process in the Eastern District of Texas is nominal compared to the number of witnesses in the Eastern District of Louisiana, the cost to compel process over non-party witnesses to trial in this District will far exceed the costs if the case is transferred to Louisiana.

The third factor is the cost of attending trial for willing witnesses.   Defendants have set forth in the Tesarski Declaration the location of the likely witnesses:  shareholders and officers of Treaty, as well as Defendants.   Additionally, Plaintiff recently identified its witnesses in its Rule 26 Initial Disclosures.[9]   All but two of these witnesses reside outside the Eastern District of Texas.   Indeed, the key witnesses almost all reside in New Orleans.   The unlikelihood of non-party witnesses traveling to a trial in another state is, to a large extent, simply common sense. This Court stated what is obvious in analyzing this factor in *Rizvi:*

> In *Volkswagen II,* the Fifth Circuit noted that "[additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Volkswagen II, 545 F.3d at 317* (quotation marks omitted).   Because it "generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home," the Fifth Circuit established the "100-mile" rule.   *In re Genentech, Inc., 566 F.3d at 1343.*   The Fifth Circuit instructed that "when the distance between an existing venue for trial of a matter and a proposed venue ... is more than 100 miles, the factor of inconvenience to witnesses increases in direct

---

[8]   15 U.S.C. § 77v(a); 15 U.S.C. § 78aa.
[9]   *See* Exhibit A, Plaintiff's Initial Disclosure Statement dated April 8, 2015.

relationship to the additional distance to be traveled." *Volkswagen II, 545 F.3d at 317.*

*Rizvi, supra, \*28-29.* Trying this case in Texas greatly burdens Defendants in their ability to present third-party witnesses on their behalf. One difference between this case and the situations in *Rizvi* and *Coldicutt*, both of which had key witnesses located in this District, is that in this case there is no balancing of inconvenience to witnesses. This factor weighs strongly in favor of transfer.

The fourth factor comprises all other practical problems. The Court must consider the inconvenience to the SEC of transferring the case against the inconvenience to Defendants in keeping it here. The SEC is a large government agency with a large budget. While the Court in *Rizvi* weighed as a factor the administrative inconvenience to the SEC in transferring the case to Los Angeles (with possibly different personnel assigned to it than conducted the investigation and litigation to that point), this should not be a serious factor here because Fort Worth still represents one of the closest SEC offices to New Orleans.[10] Additionally, travel time driving to Plano or flying to New Orleans is comparable. Furthermore, the SEC's attorney who filed this case, Jessica Magee, was recently promoted and is no longer the Trial Attorney on this case for the SEC. As such, Plaintiff may choose to utilize new personnel.

By contrast, the detriment to Defendants would be severe. A trial in New Orleans would present an inconvenience, but a trial in Plano would require each of the individual Defendants to leave their homes for several weeks and hamper their ability to earn a living and support their

---

[10] The SEC's office in Atlanta may be slightly closer, but the difference in mileage (and more importantly, flight time) is minimal.

8

families.  This is another instance where the balance of inconvenience favors Defendants much more strongly than it did in *Rizvi* and *Coldicutt*. This factor weighs in favor of transfer.

### B.        The Public Interest Factors

The first public interest factor is the administrative difficulties flowing from court congestion, which again weighs in favor of transfer.  According to the United States District Courts – National Judicial Caseload Profile dated September 2014,[11] the median time period from filing to trial in civil cases in the Eastern District of Louisiana is only 15.5 months.  In the Eastern District of Texas, that same median time period (from filing to trial in civil cases) is over 40% longer at 21.9 months.  In fact, the parties herein just recently submitted a Joint Report on Rule 26(f) Conference with a proposed Scheduling Order to the Court that set a Final Pretrial Conference and Trial Scheduling on March 7, 2016.  (Dkt. #44 & #44-1).  However, according to counsel for Plaintiff, the trial date will be in or about March 2017 – 27 months after the case was filed. In contrast, once this matter is transferred, it is counsel for Treaty's experience that the case will likely go to trial in the Eastern District of Louisiana in less than a year, which is considerably shorter than the pretrial period in this District.

The second public interest factor of significance in this case is the local interest in deciding the case in Louisiana. The local interest of the Eastern District of Louisiana in deciding this case in the home district of most of the Defendants favors transfer to that district for the exact reasons this Court articulated in *Rizvi,* which involved very similar facts to this case.  The

---

[11]  *See* Exhibit B, relevant pages of the September 2014 National Judicial Caseload Profile.  The entire report can be obtained here:
http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2014.aspx.

alleged securities fraud was based in Los Angeles, but the SEC filed the case in the Sherman

Division.  In *Rizvi,* three (3) of 176 investors lived in the Eastern District of Texas, a total of six

(6) in all of Texas, and 83 in Southern California.  The Court's conclusion in *Rizvi* weighing the

local interest factor in favor of the defendant is, *a fortiori*, applicable here:

> Three people residing in this District, and another three residing in the State of
> Texas, invested on the basis of Defendants' fraudulent offering of securities.
> However, the Central District of California also has a substantial interest in
> policing the conduct of businesses that operate within its jurisdiction, and nearly
> half of all the investors reside in or near the Central District of California.
> Although this Court found that venue was proper in the Eastern District of Texas
> pursuant to Defendants' contacts with investors in this District, Defendants'
> Motion to Transfer Venue pursuant to *§ 1404(a)* is based upon the convenience of
> the parties and witnesses, and the interests of justice.  Here, the Court is of the
> opinion that the Central District of California has a stronger interest in presiding
> over this controversy because Defendants reside in that district and nearly half of
> all the investors reside in or near that district.

*Rizvi, supra,* *33-34.

Similarly, in *Coldicutt,* the SEC, which alleged the defendants orchestrated a scheme to

create and sell fifteen (15) public shell companies while concealing their involvement from the

SEC and the investing public, argued that this Court had a strong interest in deciding the case

because a few investors resided in this District and the defendants used a transfer agent from

Plano who served as an important hub of the alleged fraudulent activity.  Defendants, however,

claimed that they resided in the Central District of California and that most of the companies at

issue in the lawsuit were also from California.  The Court agreed with the defendants, stating:

> The Court is of the opinion that the Central District of California has a stronger
> interest in presiding over this controversy because Defendants reside in that
> District, a majority of the accused companies are based there, and a significant
> amount of investors also reside in or near that District. Therefore, the Court finds
> that this factor weighs in favor of transfer.

*Coldicutt, supra*, \*6.

Whatever the interest of the Eastern District of Texas in presiding over this controversy based on the presence of a handful of investors, it is far outweighed by that of the Eastern District of Louisiana – where the SEC alleges these scheme were plotted, where four (4) of the individual Defendants live, and where Defendant Treaty's principal office is located. Furthermore, as stated in the Tesarski Declaration (¶¶ 6 & 7), there are at least 110 shareholders who reside in the Eastern District of Louisiana and hold over 13% of the shares in the company, compared to only twelve (12) shareholders who reside in the Eastern District of Texas and hold only about 3% of the shares in the company.  This factor weighs strongly in favor of transfer.

### III.    CONCLUSION

Defendants have carried their burden in making a Section 1404(a) motion to show good cause for a transfer and that the preferred venue of the Eastern District of Louisiana in New Orleans is "clearly move convenient."  *Volkswagen,* 545 F.3d at 315.  With regard to the first three private convenience factors, location of the evidence, process for witnesses, and convenience for voluntary witnesses, there is simply not a detectable weight on the SEC's side of the scale.  On the fourth private convenience factor, the burden to a government agency with an office in New Orleans litigating in the Eastern District of Texas is minimal compared to the heavy burden on Defendants in being forced to defend these claims in the Eastern District of Texas, where nothing significant to the lawsuit occurred.  Finally, the public interest factors of court congestion and the local interest of the court in deciding this matter clearly favor transferring this matter.   Indeed, almost everything of significance in this case occurred in

Louisiana, where all of Defendants reside.  For these reasons, we respectfully urge the Court to grant this motion and enter an order transferring this case to the Eastern District of Louisiana.

Respectfully submitted,

_____
**ANDREW L. KRAMER, *PRO HAC VICE***
201 St. Charles Avenue, Suite 2504
New Orleans, Louisiana 70170
Telephone: 504-599-5623
Facsimile: 866-667-3890
Email: akramer@kramerllc.com

**Counsel for Defendant**
   **Treaty Energy Corporation**


   */s/ Henry Klein*_____
Henry L. Klein (T.A.)
844 Baronne Street
New Orleans, Louisiana  70113
Phone (504) 301-3027
Fax (504) 301-3171
henry@hlklawoffice.com

Counsel for Defendants Ron L. Blackburn,
   Andrew V. Reid and Bruce A. Gwyn


   */s/ Jeffrey Ansley*_____
Jeffrey J. Ansley
Gregory D. Kelminson
BELL | NUNNALLY LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas  75204
(214) 740-1430  Telephone
(214) 740-1421  Facsimile

ATTORNEYS FOR DEFENDANT LEE C.
SCHLESINGER

**CERTIFICATE OF SERVICE**

On this 30th day of April, 2015, the undersigned hereby certifies that a true and correct copy of the foregoing document was served via ECF and/or electronic mail upon all counsel of record, including:

Jennifer D. Brandt, Esq.
brandtj@sec.gov
Securities and Exchange Commission Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street
Fort Worth, Texas 76102

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | § | |
| **COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:14-cv-812** |
| | § | |
| **RONALD L. BLACKBURN,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(h) & (i), I, Andrew L. Kramer, counsel for Defendant Treaty Energy Corporation in the captioned matter, hereby certify the foregoing. First, on April 30, 2015, I spoke via telephone with Robert M. Corn, counsel for Defendant Samuel E. Whitley, who stated that his client has no opposition to the foregoing Joint Motion to Transfer Venue Under 28 U.S.C. § 1404(a).  Second, on April 30, 2015, I spoke via telephone with Jennifer D. Brandt, lead counsel for Plaintiff Securities and Exchange Commission, who stated that the SEC opposes the foregoing Joint Motion to Transfer Venue Under 28 U.S.C. § 1404(a) for the reasons to be set forth in its opposition memorandum.  Accordingly, these discussions have conclusively ended in an impasse, leaving an open issue for this Court to resolve regarding the foregoing Joint Motion to Transfer Venue Under 28 U.S.C. § 1404(a).

_____
**ANDREW L. KRAMER**