IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**SECURITIES AND EXCHANGE COMMISSION**                                   **PLAINTIFF**

v.                                                                   CAUSE NO. 4:14CV812-LG-CMC

**RONALD L. BLACKBURN, ANDREW V. REID,**
**BRUCE A. GWYN, MICHAEL A. MULSHINE,**
**LEE C. SCHLESINGER, SAMUEL E. WHITLEY,**
**and TREATY ENERGY CORPORATION**                                        **DEFENDANTS**

## ORDER GRANTING MOTION TO TRANSFER VENUE

BEFORE THE COURT is the [58] Motion to Transfer Venue filed by Defendants Ronald L. Blackburn, Andrew V. Reid, Bruce A. Gwyn, Michael A. Mulshine, Lee C. Schlesinger, and Treaty Energy Corporation (collectively, "Defendants"),[1] pursuant to 28 U.S.C. § 1404(a). The Motion has now been fully briefed. Having reviewed the submissions of the parties and the relevant law, the Court is of the opinion that the Motion should be granted and this case transferred to the Eastern District of Louisiana.

### BACKGROUND

Plaintiff, the Securities and Exchange Commission (SEC), alleges a widespread scheme by the individual Defendants to defraud investors and violate the antifraud, registration, and reporting provisions of the federal securities laws with respect to Defendant Treaty Energy Corporation, a publicly traded oil and gas company. The SEC claims that Defendants Blackburn, Reid, Gwyn, Mulshine,

---

[1] Defendant Samuel E. Whitley has moved the Court to dismiss the SEC's Complaint against him.

Schlesinger, and Whitley carried out this scheme between 2009 and 2013 by (1) concealing that Blackburn, a convicted felon, controlled Treaty as a *de facto* officer and director; (2) engaging in a false promotional campaign intended to artificially inflate Treaty's stock price, including issuing a January 2012 press release falsely claiming a major oil strike in Belize; (3) perpetuating a fraudulent trading scheme involving the issuance and transfer of restricted and unrestricted Treaty stock through which Defendants raised millions of dollars selling virtually worthless stock to unwitting investors; and (4) conducting an illegal and unregistered offering of oil and gas working interests.

The SEC has brought various claims against Defendants under the Securities Act and the Securities Exchange Act. Defendants, all but one of whom reside in the Eastern District of Louisiana, have now moved the Court to transfer this action to the Eastern District of Louisiana. Mulshine, who resides in New York, has joined in the transfer Motion. Defendant Samuel E. Whitley, the only Texas resident, has not opposed the Motion.

### THE LEGAL STANDARD

28 U.S.C. § 1404(a) provides, in pertinent part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." This Court has "'broad discretion in deciding whether to order a transfer'" within the confines of the text of § 1404(a) and applicable precedent. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).

A "moving party, in order to support its claim for transfer, must satisfy the statutory requirements and clearly demonstrate that transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *See id.* at 315.  "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* "When the movant demonstrates that the transferee venue is clearly more convenient, however, . . . the district court should . . . grant the transfer." *See id.*

In considering whether to transfer venue, the Court weighs both private and public interest factors.  Private interest factors include

> (1) the relative ease of access to sources of proof;
>
> (2) the availability of compulsory process to secure the attendance of witnesses;
>
> (3) the cost of attendance for willing witnesses; and
>
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.*  Public interest factors include

> (1) the administrative difficulties flowing from court congestion;
>
> (2) the local interest in having localized interests decided at home;
>
> (3) the familiarity of the forum with the law that will govern the case; and
>
> (4) the avoidance of unnecessary problems or conflict of laws or in the application of foreign law.

*Id.* While these factors are "generally appropriate for most transfer cases, they are not necessarily exhaustive or exclusive[,]" and none are dispositive.  *See id.* (citation

and quotation marks omitted).

## DISCUSSION

There is no dispute that the Eastern District of Louisiana is also a proper venue for this action. Therefore, in deciding whether to transfer venue, the Court must analyze the public and private interest factors set forth above.

**Relative Ease Of Access To Sources Of Proof**

There is little dispute that most of the relevant documents in this action are available or are capable of being produced electronically. Therefore, the Court is of the opinion that this factor is neutral as to transfer. *See, e.g.*, *SEC v. Coldicutt*, No. 4:12-cv-00505, 2013 WL 944550, at *3 (E.D. Tex. Feb. 8, 2013), report and recommendation adopted, 2013 WL 943568, at *1 (E.D. Tex. Mar. 8, 2013).

**Availability Of Compulsory Process**

The SEC argues that Section 22(a) of the Securities Act and Section 27 of the Securities Exchange Act enables all parties in SEC litigation to issue subpoenas to compel the appearance at trial of witnesses located anywhere in the United States. The Court agrees and finds that this factor weighs against transfer. *See Coldicutt*, 2013 WL 944550, at *3.

**Cost Of Attendance For Willing Witnesses**

"'Defendants seeking a transfer cannot carry their burden by merely making unsupported assertions, but rather they must properly establish relevant venue facts by affidavit, deposition or otherwise.'" *Coldicutt*, 2013 WL 944550, at *2 (citation omitted). Defendants have submitted the Declaration of Treaty's current

Chief Executive Officer, Christopher D. Tesarski, as well as Plaintiff's Initial Disclosure Statement, in support of their arguments with respect to cost of attendance for willing witnesses. Mr. Tesarski states that "in addition to the significant number of shareholders who reside in the Eastern District of Louisiana, the majority of the witnesses that Treaty will call to testify at trial live in [the New Orleans] area, including all but two (2) of the individual defendants." (Tesarski Decl., ECF No. 58-1).

The SEC argues that this evidence is insufficient because Defendants have not identified witnesses by name located in the Eastern District of Louisiana or the substance of any testimony sought from any witnesses. The Court finds that while witnesses may not be identified by specific name or testimony in the Declaration, Tesarski's testimony is sufficient and does not amount to speculation or unsupported assertions. For example, the SEC cannot seriously dispute that the individual Defendants residing there will all be critical witnesses, and has even listed them on their own Disclosure Statement, in contrast to only two identified witnesses residing in the Eastern District of Texas.

Furthermore, the sole practical effect of a transfer would not be to shift inconvenience from Defendants to Plaintiff. *See SEC v. Rizvi*, No. 4:09-cv-371, 2010 WL 2949311, at *10 (E.D. Tex. July 2, 2010) ("In general, a transfer should not be made where the only practical effect is to shift inconvenience from the moving party to the non-moving party."), report and recommendation adopted, 2010 WL 2949302, at *1 (E.D. Tex. July 23, 2010). It is not only the individual Defendants who are

affected by the current venue, but also other Treaty witnesses.  Treaty's principal office is located in New Orleans.  It is not a speculative leap to credit the assertion made in the Tesarski Declaration that the majority of Treaty's witnesses will be from in and around the New Orleans area.

The SEC also argues that Defendants have not shown financial hardship to any witness.  However, the Fifth Circuit has said, and this Court is likewise of the opinion, that "it is an *obvious* conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time" and additional monetary burden.  *See In re Volkswagen*, 545 F.3d at 317 (citation, quotation marks, and brackets omitted) (emphasis added).  "Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community."  *See id.*  The Court is not persuaded by the SEC's arguments on this factor, and finds that this factor weighs in favor of transfer.  *See, e.g.*, *Coldicutt*, 2013 WL 944550, at *4-5.  Moreover, even if the individual Defendants were the only necessary witnesses, there are other factors weighing in favor of transfer, as set forth below.

**Any Other Practical Problems**

Defendants rehash their arguments regarding the location of witnesses in discussing this factor, and the SEC does not appear to address the factor.  The Court finds that this factor is neutral.

**Administrative Difficulties Flowing From Court Congestion**

Defendants have submitted a recent National Judicial Caseload Profile in

support of this factor.  The Profile demonstrates that this matter can be tried in a more expedient manner in the Eastern District of Louisiana based on the median time period from filing to trial in civil cases filed in that District versus this District.

The SEC does not address or object to this exhibit.  Instead, it states that when the parties were informed that a March 2016 pretrial conference date was unavailable and that the next date would be July 2016, defense counsel requested a setting in January 2017 instead.  Thus, according to the SEC, "Defendants' argument that the case should be transferred because of court congestion . . . and their desire to speed up the trial date should be rejected on its face." (Resp. To Mot. To Transfer Venue 10, ECF No. 61).

However, the Court does not find that Defendants or their counsel are acting in bad faith which would somehow merit disregarding this factor.  Rather, the documentation provided by the SEC shows that the only two available dates after the requested March 2016 date were July 2016 and January 2017, the only two available trial settings per year in this District.  Indeed, the reasoning behind counsel's requesting a later date – based on being able to chose from only two trial settings per year – convinces this Court that this factor actually weighs in favor of transfer, given the lower median trial time in the Eastern District of Louisiana. *See, e.g.*, *Coldicutt*, 2013 WL 944550, at *5-6.

**Local Interest in Having Localized Interests Decided At Home**

Defendants contend that

7

> [w]hatever the interest of the Eastern District of Texas in presiding over this controversy based on the presence of a handful of investors, it is far outweighed by that of the Eastern District of Louisiana – where the SEC alleges these scheme [*sic*] were plotted, where four (4) of the individual Defendants live, and where Defendant Treaty's principal office is located.

(Mot. To Transfer Venue 11, ECF No. 58). They have also submitted evidence that "there are at least 110 shareholders who reside in the Eastern District of Louisiana and hold over 13% of the shares in the company, compared to only twelve (12) shareholders who reside in the Eastern District of Texas and hold only about 3% of the shares in the company." (*Id.*; Tesarski Decl., ECF No. 58-1).

In response, the SEC states that "[a]lthough Treaty and four of the individual defendants live in Louisiana, Treaty's fraudulent practice extended nationwide." (Pl.'s Resp. To Mot. To Transfer Venue 9, ECF No. 61). The SEC acknowledges that more of Defendants' alleged victims are located in Louisiana, but asks the Court to ignore this fact and find that this factor is, at the very least, neutral. The Court recognizes that there are a handful of victims and at least two witnesses – and possibly more – located in this District. However, the Court is of the opinion, based on a similar reasoning to that found in another SEC case involving circumstances similar to those alleged here, that this factor weighs in favor of transfer:

> The individuals who invested their money with Defendants are located throughout the United States. Defendants claim that the majority of the alleged facts took place in the Central District of California [where Defendants sought to transfer the action], and there is therefore no relevant factual connection to the present district. Defendants' alleged fraud was aimed at investors everywhere. Three people residing in this District, and another three residing in the State of Texas, invested on the basis of Defendants' fraudulent offering of

8

> securities. However, the Central District of California also has a substantial interest in policing the conduct of businesses that operate within its jurisdiction, and nearly half of all the investors reside in or near the Central District of California. . . . Here, the Court is of the opinion that the Central District of California has a stronger interest in presiding over this controversy because Defendants reside in that district and nearly half of all the investors reside in or near that district. Based upon the foregoing, the Court finds that this factor weighs in favor of transfer.

*Rizvi*, 2010 WL 2949311, at *12; *see also Coldicutt*, 2013 WL 944550, at *6 ("The Court is of the opinion that the Central District of California has a stronger interest in presiding over this controversy because Defendants reside in that District, a majority of the accused companies are based there, and a significant amount of investors also reside in or near that District."). This factor weighs in favor of transfer. *See, e.g.*, *Coldicutt*, 2013 WL 944550, at *6.

**Familiarity Of The Forum With The Law That Will Govern The Case**

Neither party argues that one District or the other is more familiar with the federal securities law governing this action. Therefore, this factor is neutral.

**Avoidance Of Unnecessary Problems Or Conflict Of Laws Or In The Application Of Foreign Law**

Similarly, neither party argues that any conflicts of laws issues would be avoided by either keeping the action in this District or transferring the action to the Eastern District of Louisiana. This factor, too, is neutral.

### CONCLUSION

The Court acknowledges, as the SEC points out, that there are victims of the alleged fraud residing in this District. Indeed, none of the parties have ever

9

disputed that venue is appropriate here. However, the issue before the Court is not whether venue is appropriate in this District, but whether Defendants have shown that another venue is clearly more convenient. Based on its analysis of the factors above, the Court is of the opinion that Defendants have shown that transfer to the Eastern District of Louisiana is clearly more convenient than the current venue.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [58] Motion to Transfer Venue filed by Defendants Ronald L. Blackburn, Andrew V. Reid, Bruce A. Gwyn, Michael A. Mulshine, Lee C. Schlesinger, and Treaty Energy Corporation pursuant to 28 U.S.C. § 1404(a) is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE